UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC BIOSCIENCE LABORATORIES, INC., a Washington corporation,<br><br>                    Plaintiff,<br><br>         v.<br><br>OUR FAMILY JEWELS INC., d/b/a Epipür Skincare, an Oregon corporation,<br><br>                    Defendant. | No.<br><br>COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, STATE UNFAIR COMPETITION AND COMMON LAW UNFAIR COMPETITION<br><br>**JURY DEMAND** |

Plaintiff Pacific Bioscience Laboratories, Inc. ("PBL"), for its Complaint for Patent Infringement, Trade Dress Infringement, State Unfair Competition, and Common Law Unfair Competition against Defendant Our Family Jewels Inc., d/b/a Epipür Skincare, ("Our Family Jewels"), hereby alleges, by and through its attorney, on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## I.     INTRODUCTION

1.     Plaintiff PBL dramatically changed the market for skin cleansing products when it introduced its innovative Clarisonic Sonic Skin Cleansing System (the "Clarisonic System") in 2004.  The Clarisonic System employs motion and forces at sonic frequencies to cleanse, soften, and smooth skin.

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, STATE UNFAIR COMPETITION AND COMMON LAW UNFAIR COMPETITION – 1
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2. Prior to the introduction of the Clarisonic System, there were no sonic facial cleansing devices on the market. PBL created today's market for such products.

3. The Clarisonic System has been an enormous success and has achieved national recognition and awards. In 2010, PBL was named one of Inc. 500's Fastest Growing Private Companies.

4. PBL received broad protection for its innovations, including utility and design patents and trade dress. However, PBL's innovations have been the subject of widespread imitation by others, who have attempted to capitalize on PBL's success.

5. Defendant Our Family Jewels is one such imitator. After seeing PBL's success, Our Family Jewels introduced its Episonic facial cleansing system ("Episonic"). Our Family Jewels has made the Episonic work and look like PBL's products, thereby infringing PBL's patents and trade dress.

6. Our Family Jewels sells or has sold the Episonic throughout the United States through, at least, Our Family Jewels' website, http://www.epipurskincare.com/products/episonic-facial-cleansing-system.html, and through Amazon.com, http://www.amazon.com/Episonic-Facial-Cleansing-Brush-System/dp/B00FWZRCGS/.

7. PBL seeks to stop Our Family Jewels' infringing conduct and obtain compensation for the violations that have occurred thus far.

## II.   PARTIES

8. Plaintiff PBL is a Washington corporation incorporated in January 2001, with its principal place of business at 17275 NE 67th Court, Redmond, WA 98052.

9. In December 2011, PBL was acquired by L'Oréal S.A., a French société anonyme ("L'Oréal"). L'Oréal is the owner, and PBL is the exclusive U.S. licensee with the right, *inter alia*, to bring suit, of protectable patent and trade dress rights in electric skin care brushes as described herein.

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, STATE UNFAIR COMPETITION AND COMMON LAW UNFAIR COMPETITION – 2
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

10. On information and belief, Our Family Jewels Inc., d/b/a Epipür Skincare, is a corporation organized and existing under the laws of Oregon with its principal place of business at 10226 S Dransfeldt Road, Parker, CO 80134.

11. On information and belief, Our Family Jewels manufactures, markets, and sells electric skin care devices under the name Episonic.

### III.   JURISDICTION AND VENUE

12. This case arises under the patent laws of the United States, 35 U.S.C. § 101 et seq. and the Lanham Act, 15 U.S.C. §§ 1051, et seq.  Supplemental jurisdiction exists over PBL's state law claims pursuant to 28 U.S.C. § 1367(a).

13. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

14. PBL has its principal place of business in this District, and makes its Clarisonic devices available for sale in this District.

15. This Court has personal jurisdiction over Our Family Jewels because, on information and belief, Our Family Jewels has committed and continues to commit the acts violating PBL's intellectual property described herein within the State of Washington, including in this District, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Washington, including in this District.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c), and 28 U.S.C. § 1400(b) because, *inter alia*, PBL's principal place of business is within this District and PBL suffered harm in this District, because a substantial part of the events giving rise to the claims against Our Family Jewels occurred and are occurring in this District, and because Our Family Jewels transacts business within this District and offers for sale in this District products that infringe PBL's intellectual property.

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS
INFRINGEMENT, STATE UNFAIR COMPETITION AND
COMMON LAW UNFAIR COMPETITION – 3
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### IV.     BACKGROUND

17. Since the early 2000s, PBL has designed, developed, manufactured, marketed, and sold in the United States (and worldwide) its innovative Clarisonic System, which is a line of skin care products including a number of Sonic Cleansing Brushes and accessories, the Clarisonic Opal® Sonic Infusion System, and targeted treatment solutions. Examples of Clarisonic products are pictured below:




18. The Clarisonic System was developed by PBL over many years at great expense and effort and represents a breakthrough in devices and methods for treatment of early stage acne and for effective cleansing of skin. Those devices and methods employ motion and forces at sonic frequencies to cleanse, soften, and smooth skin. They alleviate clogged pores and remove debris from skin more gently and effectively than alternative devices or methods, such as manual cleansing.

19. The innovations embodied in the Clarisonic System are protected by numerous United States and foreign intellectual property rights, including rights deriving from patents, trademarks, and trade dress.

20. Prior to the introduction of the Clarisonic System, there were no sonic facial cleansing devices on the market. Indeed, before development of the Clarisonic System, no market existed for sonic skin care devices. PBL expended considerable resources to create the

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, STATE UNFAIR COMPETITION AND COMMON LAW UNFAIR COMPETITION – 4
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

sonic skin care market and to educate the public regarding facial cleansing, as well as to market its sonic facial cleansing devices.

21. Since its introduction, the Clarisonic System has become widely acclaimed by professionals and consumers, and has garnered many media awards from sources such as authoritative magazines in the beauty industry, Oprah's Favorite Things in 2007 on the Oprah Winfrey Show, Best of Sephora in 2007 and 2008, and QVC Customer Choice in 2008, 2009, and 2010.

22. The success of the Clarisonic System has spurred a large number of imitations, such as Our Family Jewels' Episonic, pictured below.



### V.     PBL'S INTELLECTUAL PROPERTY RIGHTS

**U.S. Patent No. 7,320,691**

23. U.S. Patent No. 7,320,691 ("the '691 patent") issued on January 22, 2008, and is entitled "Apparatus and Method for Acoustic/Mechanical Treatment of Early Stage Acne." The inventors are Kenneth A. Pilcher, David Giuliani, and Stephen M. Meginniss.

24. A copy of the '691 patent is attached as Exhibit 1.

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, STATE UNFAIR COMPETITION AND COMMON LAW UNFAIR COMPETITION – 5
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

25.     PBL is the exclusive licensee having all substantial rights in and to the '691 patent, with the rights to bring enforcement actions for past, present and future infringement and to collect damages for past infringement.

26.     The '691 patent has been reexamined pursuant to Reexamination Request Nos. 90/009,797 and 90/011,343.  The patentability of all of the originally issued claims 1-52 of the '691 patent was confirmed pursuant to these reexamination requests, and claims 53-64 were added.  A reexamination certificate issued on September 20, 2011.  See Exhibit 1.

27.     The '691 patent is valid, enforceable, and currently in full force and effect.

### U.S. Patent No. 7,386,906

28.     U.S. Patent No. 7,386,906 ("the '906 patent") issued on June 17, 2008, and is entitled "Oscillating Brushhead Attachment System for a Personal Care Appliance."  The inventors are Dane M. Roth, Stephen M. Meginniss, III, Kenneth A. Pilcher, Richard A. Reishus, and David Giuliani.

29.     A copy of the '906 patent is attached as Exhibit 2.

30.     PBL is the exclusive licensee having all substantial rights in and to the '906 patent, with the rights to bring enforcement actions for past, present and future infringement and to collect damages for past infringement.

31.     The '906 patent is valid, enforceable, and currently in full force and effect.

### U.S. Patent No. D523,809

32.     U.S. Patent No. D523,809 ("the D'809 patent") issued on June 27, 2006, and is entitled "Charger for an Electric Skin Brush."  The inventors are Dane M. Roth, Robert E. Akridge, and Kenneth A. Pilcher.

33.     A copy of the D'809 patent is attached as Exhibit 3.

34.     PBL is the exclusive licensee having all substantial rights in and to the D'809 patent, with the rights to bring enforcement actions for past, present and future infringement and to collect damages for past infringement.

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, STATE UNFAIR COMPETITION AND COMMON LAW UNFAIR COMPETITION – 6
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

35.     The D'809 patent is valid, enforceable, and currently in full force and effect.

### PBL's Clarisonic Trade Dress

36.     PBL's Clarisonic products include the Clarisonic Plus model and the Clarisonic Pro model.  The Clarisonic Plus and Clarisonic Pro are substantially identical in appearance.  The products are sold with a distinctive charging station, in which they rest to recharge.

37.     The Clarisonic Plus, including its current trade dress, has been used in commerce in the United States since at least as early as 2007.  The Clarisonic Pro, including its current trade dress, has been used in commerce in the United States since at least as early as 2007.

38.     The Clarisonic Plus and Clarisonic Pro enjoy wide distribution throughout the United States.  The Clarisonic Plus is a three-speed model sold directly to consumers via department stores, assisted self-service stores, retail.com, e-tailers, professional salons, professional spas, and dermatologists' offices as well as online at Clarisonic.com.  The Clarisonic Plus sells for approximately $ 225.  The Clarisonic Pro is a four-speed model available in salons, and sells for approximately $ 225.

39.     Since at least as early as 2007, in an effort to set its products apart from others, PBL has adopted and used a distinctive product configuration for its Clarisonic Plus and Clarisonic Pro devices and their charging stations that unmistakably identify PBL as the source.

40.     The elements of the trade dress for the Clarisonic Plus and Clarisonic Pro devices that create its distinctive overall commercial impression include, but are not limited to, the following (the "Clarisonic Device Trade Dress"):

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS
INFRINGEMENT, STATE UNFAIR COMPETITION AND
COMMON LAW UNFAIR COMPETITION – 7
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

| Clarisonic Pro | Clarisonic Plus |
|---|---|
| | |

- hourglass shape of the product;

- shape of the head unit;

- identical molded arcs on each side of the head unit;

- a droplet or "teardrop" shaped pad of contrasting texture on the front of the device;

- one or more control buttons located towards the top of the droplet, inside its perimeter;

- two round lights or "dots" located just above the droplet on the front of the device;

- four round lights or "dots" centered on the narrowest part of the back of the device;

- location of the product name at the widest part of the back of the device;

- contrasting-color ring of bristles located within the bristles on the brush head;

- the shape and contour of the ring surrounding the brush head, with alternating protrusions and indentations; and

- the brush cap, with six large holes spaced evenly on the face, around the perimeter of the cap.

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS
INFRINGEMENT, STATE UNFAIR COMPETITION AND
COMMON LAW UNFAIR COMPETITION – 8
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

41. The key elements of the trade dress for the charging stations sold and used in connection with the Clarisonic Plus and Clarisonic Pro devices include, but are not limited to, the following (the "Clarisonic Charging Station Trade Dress"):



**Clarisonic Plus/Pro Charging Station**

- boot-last shape of the product;
- front plane of product extending forward in exaggerated proportion; and
- cradle for product dramatically higher in front than in back.

42. The Clarisonic Device Trade Dress and Clarisonic Charging Station Trade Dress (separately asserted but referred to collectively herein as the "Clarisonic Trade Dress" for convenience) are not functional.  Although individual elements may serve a purpose, that purpose does not dictate the appearance of the element or of the trade dress as a whole.  There is no functional reason for PBL to have adopted the specific silhouettes, contours and other design elements that comprise the Clarisonic Trade Dress.  It did so in order to have a distinctive and memorable product configuration that signals to consumers that other products bearing the Clarisonic Trade Dress also emanate from PBL.

43. The Clarisonic Trade Dress has acquired secondary meaning in the minds of consumers through PBL's substantially continuous and exclusive use for more than seven years,

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, STATE UNFAIR COMPETITION AND COMMON LAW UNFAIR COMPETITION – 9
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

as well as through unsolicited media attention, commercial success, and substantial sales, advertising, and promotion.

44. In the minds of consumers, the Clarisonic Trade Dress stands for and identifies a single source of high quality facial cleansing devices. PBL, through its continuous, exclusive, and prolonged use of its trade dress, has developed substantial goodwill, value, and recognition in it. Customers, potential customers and the trade recognize and associate the Clarisonic Trade Dress with high quality facial cleansing devices emanating from a single source.

45. PBL's Clarisonic Plus and Clarisonic Pro devices have been widely promoted through in-store promotions, displays, and advertisements, as well as directly to consumers via the Internet. The Clarisonic Plus and Clarisonic Pro, including their trade dress, have been featured in editorial coverage in national, trade, and regional magazines. Those editorial features have been seen by millions upon millions of consumers since 2007.

## CLAIM I – INFRINGEMENT OF THE '691 PATENT

46. PBL hereby incorporates and realleges Paragraphs 1 - 45 as if fully set forth herein.

47. Our Family Jewels has been and/or is directly infringing one or more claims of the '691 patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling in the United States and/or importing into the United States, products, devices, or systems that are covered by the '691 patent, including the Episonic.

48. PBL has consistently and continuously marked its products with the '691 patent number pursuant to 35 U.S.C. § 287 and has provided constructive notice of the '691 patent. PBL seeks monetary and all other damages permitted by statute.

49. Our Family Jewels' infringement of the '691 patent has been and will continue to be willful and deliberate, by making, using, offering to sell, and/or selling in the United States and/or importing into the United States, infringing devices despite that such actions constitute

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS
INFRINGEMENT, STATE UNFAIR COMPETITION AND
COMMON LAW UNFAIR COMPETITION – 10
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

infringement and despite being at least on constructive notice that its actions constitute infringement.

50.  Our Family Jewels' infringement of the '691 patent has caused and will continue to cause PBL substantial and irreparable injury, for which PBL is entitled to all of the relief provided by 35 U.S.C. §§ 281, 283, 284, and 285, including but not limited to injunctive relief, compensatory damages not less than the amount of a reasonable royalty, interest, costs, enhanced damages, and reasonable attorney's fees, as the court deems just and appropriate.

### CLAIM II – INFRINGEMENT OF THE '906 PATENT

51.  PBL hereby incorporates and realleges Paragraphs 1 - 50 as if fully set forth herein.

52.  Our Family Jewels has been and/or is directly infringing one or more claims of the '906 patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling in the United States and/or importing into the United States, products, devices, or systems that are covered by the '906 patent, including the Episonic.

53.  PBL has consistently and continuously marked its products with the '906 patent number pursuant to 35 U.S.C. § 287 and has provided constructive notice of the '906 patent. PBL seeks monetary and all other damages permitted by statute.

54.  Our Family Jewels' infringement of the '906 patent has been and will continue to be willful and deliberate, by making, using, offering to sell, and/or selling in the United States and/or importing into the United States, infringing devices despite that such actions constitute infringement and despite being at least on constructive notice that its actions constitute infringement.

55.  Our Family Jewels' infringement of the '906 patent has caused and will continue to cause PBL substantial and irreparable injury, for which PBL is entitled to all of the relief provided by 35 U.S.C. §§ 281, 283, 284, and 285, including but not limited to injunctive relief,

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS
INFRINGEMENT, STATE UNFAIR COMPETITION AND
COMMON LAW UNFAIR COMPETITION – 11
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

compensatory damages not less than the amount of a reasonable royalty, interest, costs, enhanced damages, and reasonable attorney's fees, as the court deems just and appropriate.

**CLAIM III – INFRINGEMENT OF THE D'809 PATENT**

56.  PBL hereby incorporates and realleges Paragraphs 1 - 55 as if fully set forth herein.

57.  Our Family Jewels has been and/or is directly infringing the D'809 patent pursuant to 35 U.S.C. § 271(a), by making, using, offering to sell, and/or selling in the United States and/or importing into the United States, products, devices, or systems that embody the design covered by the D'809 patent, including the Episonic.



| D'809 Patent | Episonic Charging Station |

58.  PBL has consistently and continuously marked its products with the D'809 patent number pursuant to 35 U.S.C. § 287 and has provided constructive notice of the D'809 patent. PBL seeks monetary and all other damages permitted by statute.

59.  Our Family Jewels' infringement of the D'809 patent has been and will continue to be willful and deliberate, by making, using, offering to sell, and/or selling in the United States and/or importing into the United States, infringing devices despite that such actions constitute infringement and despite being at least on constructive notice that its actions constitute infringement.

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, STATE UNFAIR COMPETITION AND COMMON LAW UNFAIR COMPETITION – 12
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

60. Our Family Jewels' infringement of the D'809 patent has caused and will continue to cause PBL substantial and irreparable injury, for which PBL is entitled to all of the relief provided by 35 U.S.C. §§ 281, 283, 284, 285, and 289, including but not limited to injunctive relief, compensatory damages not less than the amount of a reasonable royalty, interest, costs, enhanced damages, Our Family Jewels' profits, and reasonable attorney's fees, as the court deems just and appropriate.

### CLAIM IV – INFRINGEMENT OF THE CLARISONIC TRADE DRESS

61. PBL hereby incorporates and realleges Paragraphs 1 - 60 as if fully set forth herein.

62. PBL owns and is the senior user of the Clarisonic Device Trade Dress for its facial cleansing brush and the Clarisonic Charging Station Trade Dress for its charging station, which are entitled to protection under 15 U.S.C. § 1125(a).

63. PBL owns common law trademark rights in the Clarisonic Device Trade Dress and the Clarisonic Charging Station Trade Dress (separately asserted but referred to collectively herein as the "Clarisonic Trade Dress" for convenience). These rights are superior to any rights that Our Family Jewels may claim with respect to its infringing products. The Clarisonic Trade Dress is nonfunctional and has acquired secondary meaning among the relevant public in that it identifies products emanating from a single source.

64. Our Family Jewels is promoting, offering for sale, and selling products that intentionally copy and imitate the Clarisonic Trade Dress.

65. Our Family Jewels' Episonic brush and brushhead embody a combination of several elements of the Clarisonic Device Trade Dress identified above in Paragraph 40.

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, STATE UNFAIR COMPETITION AND COMMON LAW UNFAIR COMPETITION – 13
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000



| Clarisonic Pro | Clarisonic Plus | Episonic |
|---|---|---|

66. Our Family Jewels' Episonic charging station embodies a combination of several elements of the Clarisonic Charging Station Trade Dress identified above in Paragraph 41.



| Clarisonic Plus/Pro Charging Station | Episonic Charging Station |
|---|---|

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS
INFRINGEMENT, STATE UNFAIR COMPETITION AND
COMMON LAW UNFAIR COMPETITION – 14
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000



67. Our Family Jewels' sale and advertising of the Episonic is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of Our Family Jewels with PBL that does not exist, or as to the origin, sponsorship, or approval of the Episonic product by PBL in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68. Our Family Jewels copied the Clarisonic Trade Dress with the intent to trade on the goodwill developed by PBL in the Clarisonic Trade Dress. Our Family Jewels' intentional copying is evidenced by the high degree of similarity between the Episonic and the Clarisonic Trade Dress.

69. Our Family Jewels has willfully taken these actions with the intent to confuse or deceive consumers and unfairly profit from the goodwill PBL has developed in the Clarisonic Trade Dress.

70. Our Family Jewels' intentional and willful actions have infringed PBL's common law rights in the Clarisonic Trade Dress in violation of 15 U.S.C. § 1125(a).

71. As a result of Our Family Jewels' actions, Our Family Jewels has been and will continue to be unjustly enriched by profits made through the sale of its infringing products.

72. Our Family Jewels' infringement of the Clarisonic Trade Dress has caused and will continue to cause PBL substantial and irreparable injury, for which PBL is entitled to all of the relief provided by 15 U.S.C. §§ 1116 and 1117, including but not limited to injunctive relief, compensatory damages, enhanced damages, and Our Family Jewels' profits.

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, STATE UNFAIR COMPETITION AND COMMON LAW UNFAIR COMPETITION – 15
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73. Our Family Jewels' intentional and willful violations entitle PBL to recover three times its actual damages, pursuant to 15 U.S.C. § 1117.

74. This is an exceptional case under 15 U.S.C. § 1117(a), thus entitling PBL to an award of reasonable attorney's fees.

75. PBL has no adequate remedy at law for Our Family Jewels' continued infringement.

**CLAIM V – VIOLATION OF WASHINGTON STATE'S CONSUMER PROTECTION ACT – RCW § 19.86.020 (UNFAIR COMPETITION)**

76. PBL hereby incorporates and realleges Paragraphs 1 - 75 as if fully set forth herein.

77. The State of Washington has an important interest in ensuring that companies doing business with Washington residents fully comply with Washington laws.

78. Our Family Jewels' unauthorized use of the Clarisonic Trade Dress is an unfair or deceptive act or practice that has the capacity to and does in fact deceive consumers into believing that Our Family Jewels is affiliated, connected, or associated with PBL, or that Our Family Jewels' product comes from or is sponsored or approved by PBL.

79. Our Family Jewels' conduct occurred in the conduct of trade or commerce or the sale of products in the State of Washington.

80. Our Family Jewels' unfair and deceptive acts and practices implicate the public interest because of the widespread deception they are causing on the consuming public.

81. All the conduct alleged herein occurs and continues to occur in the course of Our Family Jewels' business. The conduct is part of a pattern or generalized course of conduct repeated on numerous occasions daily.

82. Our Family Jewels has engaged and continues to engage in these activities knowingly, willfully, and deliberately.

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, STATE UNFAIR COMPETITION AND COMMON LAW UNFAIR COMPETITION – 16
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

83. PBL has been directly and proximately injured in its business and property by Our Family Jewels' conduct complained of herein, in violation of PBL's rights under RCW § 19.86.020.

84. Our Family Jewels' violations of RCW § 19.86.020 have caused and will continue to cause PBL to sustain damage, loss, and injury in an amount that cannot be fully measured or compensated in economic terms.

85. Pursuant to RCW § 19.86.090, PBL is entitled to actual and trebled damages, reasonable attorney's fees and costs of suit.

86. PBL has no adequate remedy at law, unless the acts of Our Family Jewels are enjoined during the pendency of this action and thereafter.

## CLAIM VI – COMMON LAW UNFAIR COMPETITION

87. PBL hereby incorporates and realleges Paragraphs 1 - 86 as if fully set forth herein.

88. Our Family Jewels has used and continues to use in advertising and commerce false and misleading descriptions of fact, and/or false and misleading representations of fact, concerning its merchandise. Our Family Jewels has further displayed, distributed, sold, and used merchandise that infringes the Clarisonic Trade Dress, thereby unfairly taking advantage of the goodwill and business reputation of PBL. These activities constitute unfair competition.

89. Our Family Jewels has engaged in unfair competition willfully and with a bad faith intent to confuse consumers and injure PBL.

90. PBL has sustained, and will continue to sustain, substantial injuries, loss, and damage to its business by reason of the unfair competition of Our Family Jewels.

91. On information and belief, unless restrained and enjoined, Our Family Jewels will continue to engage in unfair competition that injures PBL and thereby causes irreparable damage to PBL, as it would be unreasonably difficult to ascertain the amount of compensation that could

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, STATE UNFAIR COMPETITION AND COMMON LAW UNFAIR COMPETITION – 17
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

afford PBL adequate relief for such continuing infringement.  PBL has no adequate remedy at law.

## VI.  DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PBL respectfully requests a trial by jury of all issues properly triable by jury.

## VII.  PRAYER FOR RELIEF

WHEREFORE, PBL prays for relief, as follows:

A. A judgment that Our Family Jewels has infringed one or more claims of the '691 patent;

B. A judgment that Our Family Jewels has infringed one or more claims of the '906 patent;

C. A judgment that Our Family Jewels has infringed the D'809 patent;

D. An order and judgment preliminarily and permanently enjoining Our Family Jewels and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their investors, partners, parents, subsidiaries, divisions, successors, and assigns, from further acts of infringement of PBL's asserted patents;

E. A judgment awarding PBL all damages adequate to compensate for Our Family Jewels' infringement of PBL's asserted patents and/or Our Family Jewels' total profits pursuant to 35 U.S.C. § 289, and in no event less than a reasonable royalty for Our Family Jewels' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

F. A judgment declaring that Our Family Jewels' infringement of the asserted patents has been willful and deliberate;

G. A judgment awarding PBL all damages, including treble damages, as a result of Our Family Jewels' willful and deliberate infringement of the asserted patents, pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, STATE UNFAIR COMPETITION AND COMMON LAW UNFAIR COMPETITION – 18
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

H.     A judgment declaring that this case is exceptional;

I.     A judgment awarding PBL its expenses, costs, and attorney's fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

J.     An order preliminarily and permanently enjoining Our Family Jewels and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their investors, partners, parents, subsidiaries, divisions, successors, and assigns, from directly or indirectly infringing the Clarisonic Trade Dress or using any other product or packaging design or designations constituting a colorable imitation of or likely to cause confusion with the Clarisonic Trade Dress; from passing off Our Family Jewels' products as being associated with and/or sponsored or affiliated with PBL; from committing any other unfair business practices directed toward obtaining for themselves the business and customers of PBL; and from committing any other unfair acts or practices directed toward devaluing or diminishing the goodwill, brand, or business of PBL;

K.     Actual damages suffered by PBL as a result of Our Family Jewels' unlawful conduct, in an amount to be proven at trial, as well as pre-judgment and post-judgment interest as authorized by law;

L.     A recall of all infringing products and destruction thereof;

M.     An accounting of Our Family Jewels' profits pursuant to 15 U.S.C. § 1117;

N.     A judgment trebling any profits and/or damages award pursuant to 15 U.S.C. § 1117;

O.     The filing of a declaration with this Court in accordance with 15 U.S.C. § 1116 within 30 days of any injunction that issues;

P.     An award of PBL's actual and trebled damages and costs of suit, including attorney's fees, in an amount to be proved at trial and as provided under RCW § 19.86.090;

Q.     Costs of suit and reasonable attorney's fees; and

R.     Such other and further relief as the Court deems just and proper.

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, STATE UNFAIR COMPETITION AND COMMON LAW UNFAIR COMPETITION – 19
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED:  May 1, 2015.

Respectfully submitted,

By: s/ Ramsey M. Al-Salam
Ramsey M. Al-Salam WSBA #18822
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel:  (206) 359-8000
Fax:  (206) 359-9000
Email:  RAlsalam@perkinscoie.com

Attorneys for Plaintiff
Pacific Bioscience Laboratories, Inc.

COUNSEL:

Robert M. Masters (*pro hac to be submitted*)
Timothy P. Cremen (*pro hac to be submitted*)
Lisa Y. Leung (WSBA No. 43015)
PAUL HASTINGS LLP
875 15th St. NW
Washington, D.C. 20005
Tel:  (202) 551-1700
Fax:  (202) 551-1705
robertmasters@paulhastings.com
timothy cremen@paulhastings.com
lisaleung@paulhastings.com

Robert L. Sherman (*pro hac to be submitted*)
Natalie G. Furman (*pro hac to be submitted*)
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
Tel:  (212) 318-6000
Fax:  (212) 230-7841
robertsherman@paulhastings.com
nataliefurman@paulhastngs.com

COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, STATE UNFAIR COMPETITION AND COMMON LAW UNFAIR COMPETITION – 20
116576-8901/LEGAL125869290.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000